**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000583
05-DEC-2024
08:04 AM
Dkt. 82 SO**

NO. CAAP-21-0000583


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


TOMAS EDWARD WILLIAM PEARCE and ALISON JOY PEARCE,
Plaintiffs-Appellees,
v.
HUGH COFLIN and JANET COFLIN, Defendants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DRC-21-0000993)

### SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, Nakasone and Guidry, JJ.)

This is a summary possession case. Defendants-Appellants Hugh Coflin and Janet Coflin (the **Coflins**), appeal from the (1) Judgment for Possession entered on July 15, 2021, (2) Writ of Possession filed on July 15, 2021, (3) Order Granting Plaintiffs[-Appellees'] [Tomas Edward William Pearce

and Alison Joy Pearce (the **Pearces**)] Motion for Summary Judgment [(**MSJ**)] filed on August 23, 2021, and (4) Order Denying [the Coflins'] Motion for Reconsideration of Order Granting [the Pearces'] Motion for Summary Judgment [(**Motion for Reconsideration**)], Filed August 23, 2021, filed on September 27, 2021, by the District Court of the Second Circuit, Wailuku Division (**district court**).[1]

## I.  BACKGROUND

The record reflects that, in October 2017, the Coflins entered into a Rental Agreement with Alan Battersby and Lisena Quintiliani (collectively, the **Prior Owners**), in which they agreed to lease property located in Makawao, Maui (the **Property**) pursuant to, inter alia, the following terms,

> **LANDLORD'S REMEDIES:**
> **Failure to Pay Rent. If Tenant does not pay the rent** or other sums due Landlord, **Landlord may give Tenant written notice** demanding payment. **If the rent is not paid** within the time specified in the notice, (NOT LESS THAN FIVE (5) BUSINESS DAYS) after receipt of that notice, **Landlord may terminate this Rental Agreement.**
> . . . .
> **Holdover Tenancy. If Tenant stays in the Unit after this Rental Agreement is ended, Tenant will be a HOLDOVER TENANT** and shall be liable for twice the monthly rent under this Rental Agreement on a prorated daily basis for each day Tenant is a Holdover Tenant. . . . **Landlord may also go to court to obtain possession of the Unit** at any time during the first sixty (60) days of Tenant's holdover. If Landlord does not go to court during the first sixty (60) days of Tenant's holdover and does not enter into a new Rental Agreement at the end of that period, Tenant will be a Month-to-Month Tenant and Tenant must pay Landlord the monthly rent under the prior Rental Agreement.

(Emphasis added.)

---

[1]     The Honorable Kirstin M. Hamman presided.

The Rental Agreement initially ran until September 30, 2019, and was twice extended by addenda. The extended lease ended on January 30, 2020, and the Coflins occupied the Property as holdover tenants from February 1, 2020. Because the Coflins refused to vacate the Property, one of the Prior Owners, Alan Battersby, filed a Complaint against them on March 6, 2020.

The Prior Owners sold the Property to the Pearces in March 2021. Pursuant to the Rental Agreement and Hawaii Revised Statutes (**HRS**) §§ 127A-30 (2023)[2] and 521-71(a) (2018),[3] the Pearces sent a Notice of Termination of Rental Agreement (**Termination Notice**) in March 2021, notifying the Coflins that the Pearces had acquired the Property, and that the Rental Agreement would be terminated.

In May 2021, the Pearces filed a Complaint seeking summary possession of the Property, and in June 2021, moved for summary judgment. The district court granted the Pearces' MSJ, and, in July 2021, entered the Writ of Possession. The Coflins filed their Motion for Reconsideration, which the district court denied. This appeal followed.

---

[2] HRS § 127A-30(a)(2)(A) states "a periodic tenancy for a residential dwelling unit may be terminated by the landlord upon forty-five days' written notice: (i) [w]hen the residential dwelling unit is sold to a bona fide purchaser for value[.]"

[3] HRS § 521-71(a) states that "[w]hen the tenancy is month-to-month, the landlord may terminate the rental agreement by notifying the tenant, in writing, at least forty-five days in advance of the anticipated termination."

## II. POINTS OF ERROR

The Coflins raise three points of error on appeal, contending that the district court erred when it: (1) granted the Pearces' MSJ; (2) denied the Coflins' Motion for Reconsideration; and (3) entered the "Findings and Conclusions."

Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Coflins' contentions as follows:

(1) We review the district court's grant of summary judgment de novo, applying the following standard,

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Ralston v. Yim, 129 Hawaiʻi 46, 55—56, 292 P.3d 1276, 1285—86 (2013) (citation omitted).

We conclude that the Pearces satisfied their initial burden on summary judgment by providing evidence, in the form of declarations and exhibits, that there were no disputed issues of material fact regarding their entitlement to possession of the Property. See id. at 60, 292 P.3d at 1290 ("[A] summary judgment movant may satisfy his or her initial burden of

4

production by either (1) presenting evidence negating an element of the non-movant's claim, or (2) demonstrating that the nonmovant will be unable to carry his or her burden of proof at trial").

The Pearces established their right to possession of the Property through the Declaration of Alison Joy Pearce (**Declaration**) and attached exhibits.  The Declaration provided in relevant part,

> 1.  My husband, Tomas Edward William Pearce, and I are the owners of the [Property].
>
> 2.  We purchased the Property from [the Prior Owners], by way of Warranty Deed dated March 25, 2021, and recorded in the Bureau of Conveyances of the State of Hawai'i (**"Bureau"**) on March 30, 2021, as Document No. A-77590470, a true and correct copy of which is attached hereto as **Exhibit D**.
>
> 3.  The sale was an arm's-length transaction that was closed through Old Republic Title & Escrow. We paid fair market value for the Property.
>
> . . . .
>
> 6.  As part of our purchase of the Property, the Rental Agreement was assigned to and assumed by us, and we are the "landlords" under the Rental Agreement, effective March 30, 2021.
>
> 7.  On or about April 1, 2021, we had [the Coflins] served with a Notice of Termination of Rental Agreement (**"Termination Notice"**), a true and correct [copy] of which, together with the Return of Service, is attached hereto as **Exhibit E** and made a part hereof.
>
> 8.  The Termination Notice informed [the Coflins] that:
>
>> a.   We had purchased the Property and were its new owners;
>>
>> b.   Our purchase of the Property "was a bonafide [*sic*] purchase for value, and was closed by Old Republic Title & Escrow";

5

> c.     Sellers assigned the Rental Agreement to us, and we are now the "landlords" under the Rental Agreement; and
>
> d.     The term of the Rental Agreement had expired and [the Coflins] occupied the Property as "holdover tenants" on a month-to-month basis.
>
> 9.   The Termination Notice gave [the Coflins] written notice that the Rental Agreement, and any month-to-month and/or periodic tenancy created thereunder, was being terminated forty-five (45) days from the date [the Coflins] received the Termination Notice.
>
> 10.   The Termination Notice expressly stated that:
>
> a.     It was being "given pursuant to Section 127A-30 [HRS], which applies to rentals during a state of emergency";
>
> b.     We "as the Landlord, plan to and will occupy the Property as [our] personal residence as soon as you vacate the Property. This is the reason that [we] purchased the Property. It is our understanding that you were fully aware of this and the purchase of the Property by [us]"; and
>
> c.     "This Notice is <u>not</u> for the non-payment of rent. This Notice is to terminate the Rental Agreement so that [we] can occupy the Property as [our] personal residence." (Emphasis in original.)
>
> 11.   The Termination Notice instructed [the Coflins] to make arrangements to vacate the Property no later than forty-five (45) days from the date they received the Termination Notice, and asked for [the Coflins] to contact [the Pearces] "when you are ready to vacate the Property so that arrangements can be made regarding clean up; inspection; return of keys; and security deposit, as set forth in the Rental Agreement."
>
> 12.   Despite the terms of the Rental Agreement and the notice provided in the Termination Notice, as of June 25, 2021, [the Coflins] have failed and refused to vacate the Property and comply with their responsibilities under the Rental Agreement, including, but not limited to, cleaning the Property, removing all of their personal items from the Property, and returning all keys for the Property.

The burden then shifted to the Coflins.  The Coflins contend on appeal that they established a genuine question of

material fact as to the existence of a title dispute, such that the district court lacked jurisdiction over the case. See HRS § 604-5(d) (2016) ("The district courts shall not have cognizance of real actions, nor actions in which the title to real estate comes in question[.]"). As the Hawaiʻi Supreme Court has instructed,

> Pursuant to [District Court Rules of Civil Procedure (**DCRCP**)] Rule 12.1, where a defendant seeks to assert, as a defense to the jurisdiction of a district court, that the action is one in which title to real estate will come into question, the defendant must raise such a defense in a written answer or written motion, and must attach an affidavit thereto.

U.S. Bank Nat'l Ass'n v. Castro, 131 Hawaiʻi 28, 34, 313 P.3d 717, 723 (2013) (cleaned up). DCRCP Rule 12.1 provides that the defendant's affidavit must "set[] forth the source, nature and extent of the title claimed by [the] defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of [the] defendant's claim."

Although the Coflins generally alleged that they had entered into an agreement with the Prior Owners to purchase the Property, and that they paid $96,500 in partial performance of that agreement, these allegations were wholly unsupported by their declarations and exhibits. See Nozawa v. Operating Eng'rs Loc. Union No. 3, 142 Hawaiʻi 331, 342, 418 P.3d 1187, 1198 (2018) ("Once a summary judgment movant has satisfied its initial burden of producing support for its claim that there is

7

no genuine issue of material fact, the party opposing summary judgment must demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.") (cleaned up). We conclude that the Coflins did not meet their burden of establishing a genuine question of material fact as to the existence of a title dispute, and that the district court was therefore not wrong in granting the Pearces' MSJ.

(2) We review a "trial court's ruling on a motion for reconsideration under the abuse of discretion standard." Kaleikini v. Yoshioka, 128 Hawaiʻi 53, 68, 283 P.3d 60, 75 (2012) (cleaned up). "[T]he purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion." Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawaiʻi 92, 104, 176 P.3d 91, 103 (2008) (cleaned up). It is not meant to be "a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding." Id.

In their Motion for Reconsideration, the Coflins reasserted the title dispute defense first raised in their opposition to the Pearces' MSJ. In support of their motion, the Coflins submitted the following documents for the first time: (1) a declaration further explaining the extent of negotiations that occurred between them and the Prior Owners; (2) additional

8

emails between the Coflins and the Prior Owners related to the purchase agreement; (3) a previous version of the real estate purchase agreement that was signed only by the Coflins in September 2019; and (4) a document explaining the purchase options offered to the Coflins.

The Coflins did not raise a new argument, and the "new" evidence introduced in support of the Motion for Reconsideration was available and could have been brought at the time they opposed the Pearces' MSJ. Moreover, even if the Coflins were unable to present the new evidence when opposing the MSJ, the district court did not abuse its discretion in denying the Motion for Reconsideration because that evidence did not support the existence of a title dispute.

(3) The Coflins contend that the district court erred in determining that: (1) the Coflins' Motion for Reconsideration did not raise any newly discovered evidence or arguments; (2) the Coflins did not satisfy the requirements for the DCRCP Rule 12.1 title defense; and (3) the Coflins' answers and declarations did not describe "the source, nature, and extent of title claims" with detail and specificity. For the reasons set forth in sections (1) and (2), supra, we find that the district court did not err in making these specific findings and conclusions.

## III. CONCLUSION

For the foregoing reasons, we affirm the district court's Judgment for Possession, Writ of Possession, Order Granting the Pearces' MSJ, and Order Denying the Coflins' Motion for Reconsideration.

DATED:  Honolulu, Hawaiʻi, December 5, 2024.

On the briefs:

Keith M. Kiuchi,
for Defendants-Appellants.

Derek B. Simon,
for Plaintiffs-Appellees.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge